UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

KOREAN TRADE INSURANCE CORPORATION,

                                Petitioner,                    **MEMORANDUM & ORDER**
                                                                                       14-CV-3456 (MKB)

                           v.

EAT IT CORPORATION,

                                Respondent.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Petitioner Korean Trade Insurance Corporation brought the above-captioned action against Respondent Eat It Corporation ("EIC") on June 2, 2014, seeking to confirm an arbitration award, issued by a panel of the Korean Commercial Arbitration Board against EIC. (Pet., Docket Entry No. 1.) Although properly served with copies of the summons and petition on July 24, 2014, (Docket Entry No. 6), EIC failed to appear or otherwise defend against the petition. On August 20, 2014, the Clerk of the Court noted Respondent's default. (Docket Entry No. 8.) Petitioner subsequently moved for a default judgment. (Docket Entry No. 9.)

       On September 11, 2014, the Court referred the motion to Magistrate Judge Roanne L. Mann for a report and recommendation. (Order dated Sept. 11, 2014.) On February 18, 2015, Judge Mann issued a Report and Recommendation ("R&R") recommending that the Court (1) construe Petitioner's motion for default judgment as an unopposed summary judgment motion to confirm the arbitration award, grant the motion, and award Petitioner $151,154.75 plus six percent interest from April 25, 2010 until entry of judgment, along with litigation costs totaling $513.80, and (2) deny Petitioner's request for an award of the final one-third of the arbitration costs. (R&R 7–8.) No objections were filed.

       A district court reviewing a magistrate judge's recommended ruling "may accept, reject,

or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. N. Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue.").

The Court has reviewed the unopposed R&R, and, finding no clear error, the Court adopts Judge Mann's R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). The Court construes Petitioner's default motion as an unopposed motion for summary judgment to confirm the arbitration award, grants the motion, and awards Petitioner $151,154.75, plus six percent interest from April 25, 2010 until the entry of judgment, along with litigation costs totaling $513.80. The Court denies Petitioner's request for an award of the final one-third of the arbitration costs.

SO ORDERED:

     s/ MKB  
MARGO K. BRODIE  
United States District Judge

Dated: March 16, 2014  
      Brooklyn, New York